UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BURKART<br>14 Durant<br>Nutley, NJ 07110<br>      *Plaintiff*<br><br>vs.<br><br>NEW JERSEY TRANSIT RAIL<br>OPERATION ("NJTRO")<br>ONE PENN PLAZA EAST<br>NEWARK, NJ<br>      *Defendant* | :<br>:<br>:<br>:<br>:<br>:<br>: **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

1. The Plaintiff herein, John Burkart, is a citizen of the State of New Jersey residing at 23 N. Westfield Road, Howell, New Jersey.

2. Defendant, New Jersey Transit Rail Operations. (hereinafter referred to as "NJTRO"), is a corporation duly organized and doing business in the State of New Jersey with its principle place of business at the above address.

3. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 *et seq*., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

4. All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of their employment for and on behalf of the Defendant.

5. At all times material hereto, Plaintiff was employed by Defendant.

6. All property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

7. On or about July 18, 2018, and for some time prior thereto, Plaintiff was employed by Defendant, NJTRO as a Junior Tamper operator and on that date in the performance of his duties he sustained the serious, permanent, and painful personal injuries, more particularly hereinafter described.

8. Plaintiff was operating the junior tamper on the New Jersey Coast Line. As the work stopped, Plaintiff stepped out of his machine because the air conditioner was not properly working, and work dust/debris required the doors and windows to be shut.

9. As he stepped from the machine, there was little to no shoulder requiring him to step directly onto the slope. As he did, the ballast on the slope collapsed and shifted away from him.

10. The ballast shoulder of the right of way is required to extend a minimum of inches from the edge of the railroad tie. It was not in this matter.

11. As he lost his balance, he grabbed the handle of the tamper box. However, his body continued to fall off balance and felt a popping sensation in his right knee. Plaintiff was transported to the hospital where he was told he tore his right meniscus.

12. On June 10, 2020, Plaintiff was operating the spiker machine on the Atlantic City line.

13. The spike machine had been malfunctioning and repeatedly was jamming.   During a malfunction/jam, the machine stopped, and Plaintiff stepped out of the machine to clear the jam.

14. The jam had occurred over a tie that was just inserted. The ballast had not been tamped down.  As Plaintiff reached in to clear the malfunction, the loose ballast shifted, and his leg bent further than it should tearing the right meniscus.

15. The negligence and carelessness of the Defendant consisted of the following, *inter alia:*

    a) Failing to provide Plaintiff with a safe place to work;

    b) Failing to provide Plaintiff with equipment which was not defective such a fully functioning air condition unit;

    c) Failing to warn Plaintiff of the existence of said dangerous condition;

    d) Failing to make the equipment reasonable safe for working condition;

    e) Failing to maintain said equipment in a condition which would protect and safeguard the Plaintiff;

    f) Failing to correct the dangerous conditions existing thereon;

    g) Failing to use due care under the circumstances.

&#x20;       f)      Failing to provide protection around the shoulder;

&#x20;               f)      Failing to correct the dangerous conditions existing thereon;

&#x20;               g)      Failing to use due care under the circumstances.

16. As a result of the aforesaid, Plaintiff suffered injuries. Plaintiff has been advised that some or all of the above may be permanent in nature.

17. As a result of the aforesaid, Plaintiff has and may hereafter incur a medically determinable physical or mental impairment which prevents Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities.

18. As a result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss and all of which may and probably will continue in the future.

19. As a result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

20. As a result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained loss of earning capacity, physical pain, deformity, mental anguish, inconvenience, stress, and a loss of the capacity for full enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff , John Burkart, claims of the defendant, all special and general damages under the law for compensation of the harms suffered.

                        **KELLER & GOGGIN, P.C.**

By:    */s/James M. Duckworth*
        James M. Duckworth, Esquire
        Attorney I.D. No. 033861998
        1420 Walnut Street, Suite 1108
        Philadelphia, PA   19102
        (215) 735-8780
        (215) 735-5126
        jduckworth@keller-goggin.com